**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4223-18T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

TYJON A. WILLIAMS a/k/a
TYJOU WILLIAMS,

    Defendant-Respondent.

_____

Submitted October 17, 2019 – Decided October 24, 2019

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-04-0512.

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for appellant (Joie D. Piderit, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Marcia H. Blum, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

By leave granted, the State appeals a March 25, 2019 Law Division order suppressing the evidence against defendant Tyjon Williams.  See R. 2:2-4.  We now reverse.

At the hearing, only the arresting officers testified.  New Brunswick Police Officers Justin Meccia and Richard Reed were operating an unmarked patrol car on January 29, 2018, at 11:24 p.m., when they noticed a black Acura parked at the intersection in a high-crime area.  The officers ran the license plate number through their computer and learned the registered owner's driver's license privileges had been suspended.

The officers made a U-turn, and followed the Acura.  After it turned right, the officers activated their lights.  The vehicle, driven by defendant, stopped in an area described by one of the officers as a residential parking lot.  Defendant lives in one of the homes or apartments adjoining the area where he parked.

Both officers testified, corroborated by the mobile video recording played in court during the hearing, that defendant when stopped immediately walked towards them asking "what I do wrong?"  On the video, one of the officers responds that defendant was driving with a suspended license.  Defendant was repeatedly instructed by both officers to return to his car.  He continued to

approach and was arrested for obstruction. While searching his person incident to the arrest, the officers discovered $729 in cash. Both officers noted that defendant smelled of marijuana. Meccia specifically recalled the odor was of raw marijuana.

After placing defendant in the rear of their vehicle, the officers approached defendant's car. A voice is heard on the recording commenting "a strong odor in the back seat" emanated from the vehicle. A bag containing thirty-three grams of raw marijuana and a Tupperware container with plastic baggies were discovered underneath the passenger seat.

The judge found the facts, generally undisputed, as we have described them including that defendant was initially arrested for obstruction, N.J.S.A. 2C:29-1, for which he was not formally charged, because of his failure to obey police commands. In contrast to the testimony, however, the judge described the area where defendant came to a stop as a driveway.

The judge granted the motion as a matter of law because "the vehicle was not mobile at that time . . . [and] defendant was already in custody." Since the vehicle was parked "in the driveway[,]" and he opined that the officers had secured the scene, he concluded no exception to the warrant requirement applied.

The State's sole point on appeal is:

> THE TRIAL COURT ERRONEOUSLY SUPPRESSED EVIDENCE FOUND IN DEFENDANT'S CAR FOLLOWING A VALID AND UNFOR[E]SEEABLE MOTOR VEHICLE STOP, FOLLOWED BY DEFENDANT'S FAILURE TO OBEY AN ORDER OF THE POLICE AND CREDIBLE EVIDENCE OF A STRONG SMELL OF MARIJUANA EM[A]NATING FROM THE CAR.

To restate the issue, the question posed is whether the automobile exception to the Fourth Amendment's warrant requirement applies. It is well-established that the Fourth Amendment of the United States Constitution and Article I, Paragraph 7 of the New Jersey Constitution, require police to obtain warrants before making searches and seizures. Warrantless searches and seizures are presumptively invalid. See State v. Rodriguez, 459 N.J. Super. 13, 20 (App. Div. 2019).

In State v. Witt, 223 N.J. 409 (2015), the Court "announced . . . a sharp departure from a more narrow construction of the automobile exception." Rodriguez, 459 N.J. Super. at 21. As Rodriguez explains, the Witt decision observed that the "multi-factor exigent circumstances test" of prior case law was "difficult to apply with consistency, particularly for law enforcement officers on patrol, and placed upon them 'unrealistic and impracticable burdens.'" Ibid. (citing Witt, 223 N.J. at 414-15). The Court in Witt restated the test to authorize

automobile searches where "(1) the police have probable cause to believe the vehicle contains evidence of a criminal offense; and (2) the circumstances giving rise to probable cause are unforeseeable and spontaneous." Id. at 22 (citing Witt, 223 N.J. at 447-48).

In this case, the police had a reasonable and articulable suspicion that a driver was violating motor vehicle laws, and thus stopped the Acura because the registered owner's license was suspended. State v. Dunbar, 229 N.J. 521, 533 (2017). Defendant's subsequent conduct of approaching police despite being repeatedly commanded to return to his car, established probable cause for an arrest for obstruction. Once arrested, both officers smelled a strong odor of marijuana on defendant's person. Thus, the police had probable cause to search the vehicle for drugs. The strong odor of marijuana emanating from the car bolstered the probable cause for the officers to lawfully search the passenger compartment.

The circumstances which gave rise to this search were clearly unforeseen and spontaneous. It makes no difference here, contrary to the Law Division judge's conclusion, that defendant drove his car to a residential parking area adjacent to his home. An unlicensed driver, like a drunken driver, cannot defeat enforcement of the motor vehicle laws by entering a restricted parking area, such

as the one in this case.  See State v. Nikola, 359 N.J. Super. 573, 586 (App. Div. 2003) (finding that defendant's entry into an open garage did not prevent her warrantless arrest for driving while intoxicated, N.J.S.A. 39:4-50).

After defendant was lawfully arrested, the officers smelled marijuana on his person, giving rise to probable cause to search his vehicle.  The fact that the smell of marijuana from the car was noticeable before the officers entered the vehicle simply added an additional factor contributing to probable cause.

The three rationales that anchor the current automobile exception apply in this case.  See Witt, 223 N.J. at 422-23 ("(1) the inherent mobility of the vehicle; (2) the lesser expectation of privacy in an automobile compared to a home; and (3) the recognition that a Fourth Amendment intrusion occasioned by a prompt search based on probable cause is not necessarily greater than a prolonged detention of the vehicle and its occupants while the police secure a warrant.") (internal citations omitted).

The vehicle continued to be mobile regardless of its location off-street.  In the same way it pulled into the residential parking area, it could have as easily pulled out.  The proximity of the parking area to defendant's home did not create a reasonable expectation of privacy that took the search out of the automobile exception.  The intrusion upon defendant's privacy was no different regardless

of the location – here it was still, essentially, a roadside stop.  See Witt, 223 N.J. at 422-23.

The officers were not obligated to obtain a warrant because defendant had been taken into custody and was seated in the back of the police car, or because the arrest was made after he parked his vehicle in an open area near his home. The judge's observation that the scene was "secured" has little meaning in this case.  The automobile exception as defined in Witt applies.  The motion should not have been granted.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4223-18T1